## In the Matter of ANONYMOUS.
## No. 49S00–9910–DI–607.

Supreme Court of Indiana.

March 14, 2000.

## DISCIPLINARY ACTION

PER CURIAM.

 After cosigning with his law partner a pleading filed on behalf of a client, the respondent failed to see to it that the client's case was prosecuted after his law partner, who had almost exclusively handled the case up to that point, left the firm. For that, we find that the respondent engaged in attorney misconduct.

This lawyer disciplinary case comes before this Court upon a *Statement of Circumstances and Conditional Agreement for Discipline* in contemplated resolution of disciplinary charges pending against the respondent. We approve the agreement, which calls for a private reprimand. For the instruction of the bar, we are issuing this account of the facts and circumstances of this case while preserving the confidential nature of the discipline.

The parties agree that, at relevant times, the respondent was a partner in a law firm. In January 1996, a client entered into a contingent fee agreement with the law firm to pursue an employment discrimination suit against the state of Indiana. One of the respondent's partners signed the agreement on behalf of the firm. On February 1, 1996, the respondent and that partner signed a complaint and summonses, which were then filed in federal court. At the same time, the respondent and his partner propounded discovery requests on the state. After these initial filings, the respondent had no further direct involvement with the case and, in fact, never even met the client or spoke directly to her. Once the case was filed, all notices of service on filings from either

the state or the federal court bore both the respondent and the partner's names and were sent to the firm. Once received, they were routed to the partner's attention.

On October 7, 1996, the presiding federal judge issued a show cause order to the respondent, directing him to show cause why the case should not be dismissed based on the firm's failure to comply with an agreed case management plan. Hearing nothing from the respondent or his firm, the federal court dismissed the case on October 30, 1996, and an order of dismissal was served on the firm thereafter.

The partner left the firm in April of 1997, but the case file remained at the firm. At no time during the representation or after the case's dismissal did the respondent notify the client of the status of her case until after the client contacted the firm in December of 1998. When the client did contact the firm, she spoke with a member of the staff, who, in turn, discussed the matter with the respondent. The respondent then wrote to the client, advising her of the dismissal of her case. Before that, the respondent had taken no action for the client's benefit since the filing of the complaint and summonses, despite his appearance in the case.

The respondent and the Commission agree that the respondent violated Ind.Professional Conduct Rule 5.1(c)(2), which provides:

> A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if the lawyer is a partner in a law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or miti-

gated but fails to take reasonable remedial action.

We find that the essence of the respondent's misconduct in this case was his failure to ensure that the client's case was adequately prosecuted despite his having appeared in the case by signing the pleadings and thereby holding himself out as one representing the client in her case. Despite his signature, his actual involvement in the case was so minimal that, after the partner left the firm, the respondent was unaware of the case's status until some 18 months later, when the client herself took steps to learn of the case's status. Only then did the respondent finally learn that the case had been dismissed some two years before. His failure to take reasonable remedial action arose not so much due to any wrongful lack of oversight of his partner and thus imputed responsibility for his partner's actions, but instead because he simply knew nothing of the status of the case. Because he lacked that knowledge, he was unable to avoid (or mitigate the consequences of) the federal court's dismissal. It was the respondent's appearance in the case by his signature on the pleadings that activated his duty to ensure that the client's case was appropriately handled, and his failure to see to it that the case was sufficiently prosecuted constitutes his misconduct.[1]

 When a lawyer who is a partner in a law firm jointly appears in a case or other legal matter with another partner of the firm, each is responsible for the prosecution of the case or legal matter and should take steps to ensure that the matter does not languish in the hands of the other. Although a lawyer who directs,

---

1. Although not charged as such, we see the respondent's conduct a violation of Prof. Cond.R. 1.1, which provides that a lawyer shall provide competent representation to a client, Prof.Cond.R. 1.2, which provides that a lawyer shall abide by a client's decisions concerning the objectives of representation, Prof. Cond.R. 1.3, which provides that a lawyer shall act with reasonable diligence and promptness while representing a client, or

Prof.Cond.R. 1.4, which provides that a lawyer shall keep a client reasonably informed about the status of a matter, promptly comply with reasonable requests for information, and explain matters to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. However, since violations of these provisions have not been charged, we are precluded from finding that they occurred.

knows of, or ratifies the misconduct of a lawyer with whom he associates may be held responsible for that misconduct,[2] no such direction, knowledge or ratification is demonstrated by the agreed facts of this case.

For his misconduct, we find that the respondent should be privately reprimanded. An order and letter of private reprimand shall be issued along with this opinion.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc. R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.

**2.** *See generally* Prof.Cond.R. 5.1(responsibilities of a partner or supervisory lawyer); Prof. Cond.R. 5.2 (responsibilities of a subordinate lawyer).